MANUEL VALDÉS NADAL ET UX., Plaintiffs and Appellees, *v.* HEIRS OF RAFAEL GANDÍA CÓRDOVA, Defendants and Appellants.

No. 5042. Argued February 21, 1930.—Decided November 21, 1930.

*José E. Díaz* for appellants. *Víctor J. Vidal González* and *José S. Rodríguez Cebollero* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The complaint in this case substantially set forth the following allegations:

Paragraphs 1 and 2, relating to the parties. 3. That the plaintiffs are the owners of a certain rural property located in Manatí which they duly describe. 4. That they have been in possession of said property ever since they acquired it in

1914. 5. That owing to constant personal differences had with an adjoining landowner and to the inability of the plaintiff husband, by reason of physical ailments, to look after the property personally, he made an agreement with his friend and adviser, Rafael Gandía Córdova, a person of the highest integrity, whereby the title to the property would be conveyed to Gandía, leaving to the discretion of the plaintiffs the designation of the date on which said property would be reconveyed to them; that pursuant to said agreement the proper deed of sale was executed on February 20, 1925, although the plaintiffs continued in the possession and enjoyment of the property, paying taxes thereon in the name of Succession of Severo Valdés, their predecessor in interest. 6. That in June, 1925, the plaintiffs leased to Pedro Zorrilla a portion of the property for a term of eight years at a monthly rental of $7.80, which the lessee paid to plaintiff Valdés with the intervention of Gandía, the ostensible holder of the title. 7. That on various occasions Valdés and Gandía talked about the reconveyance, but because of the confidence they reposed in each other they dismissed the matter as unimportant, and then, in March, 1926, Gandía died. 8. That thereafter Valdés communicated with the defendant heirs stating to them that the property belonged to him although the title appeared in the name of Gandía, and made demand upon them for the execution to him of a deed of conveyance, which the Succession refused to grant. 9. That the conveyance from the plaintiff spouses to Gandía was purely voluntary, without any consideration whatever. 10. That in the deed the sum of eleven hundred dollars was mentioned as received from Gandía, but that no such sum was actually received. 11. That the defendants, Amparo, Angel, Rafael, Carlos, Vidal, and Jesús Gandía, are acknowledged natural children of Rafael Gandía Córdova and as such were declared to be his heirs and have tacitly accepted the inheritance.

The complaint concluded by praying that the property be declared to belong to the plaintiffs and that the defendants

be adjudged to execute a deed of conveyance to them and, upon their failure to do so, that the marshal be directed to execute it in their name. The complaint appears verified by both plaintiffs in the same affidavit, taken by the Justice of the Peace of Manatí.

The defendants demurred to the complaint, and in addition they filed a verified answer as follows:

"A. That they admit the first and second averments of the complaint.

"B. That they deny for lack of sufficient information the third averment of the complaint.

"C. That they likewise deny for lack of sufficient information the fourth averment of the said complaint.

"D. The defendants deny for lack of sufficient information the fifth averment of the complaint.

"E. The defendants deny for lack of sufficient information the sixth averment of the complaint.

"F. The defendants also deny for lack of sufficient information the seventh averment of the complaint.

"G. The defendants deny for lack of sufficient information the eighth averment, and on the contrary allege that the plaintiffs did not inform the defendants that the property described in the third paragraph of the complaint belonged to plaintiffs exclusively.

"H. The defendants likewise deny that the conveyance of the said property to Rafael Gandía Córdova was simulated and voluntary, and on the contrary allege that the sale was real and effective.

"I. The defendants admit the last averment of the complaint that they are the acknowledged natural children of their predecessor in interest, Rafael Gandía Córdova, but deny that they have accepted in any manner the inheritance left at his death by the said predecessor in interest.

"As new matter of defense the defendants allege:

"That some time ago the plaintiffs sold to Rafael Gandía Córdova, deceased, the property described in the third paragraph of the complaint for value received, as acknowledged by the plaintiffs in a public deed."

The court overruled the demurrer and, on motion of the plaintiffs, rendered judgment on the pleadings. The defendants asked leave to amend their answer and the court granted

them five days for filing a memorandum of authorities in support of their motion. That period having elapsed without any memorandum being filed, the court ordered the entry of a final judgment in favor of the plaintiffs. The defendants thereupon took the present appeal. They have assigned four errors committed, as they claim, by the lower court: (1) In holding that the complaint stated facts sufficient to constitute a cause of action; (2) in holding that the complaint was duly verified; (3) in rendering judgment on the pleadings, and (4) in overruling the demurrer.

Let us consider the first error.

In its argument under this assignment the appellants maintain that the complaint is insufficient in that it fails to show that a contract existed, citing from the syllabus of the opinion in *Gonzáles Rodríguez* v. *Fumero,* 38 P.R.R. 497, as follows:

"When the evidence shows that there was no payment of price by the supposed purchaser and the property remained in the possession of the supposed seller, it can not be said that there was a contract of purchase and sale."

The case of *González Rodríguez* v. *Fumero, supra,* is distinct from the case at bar. In the above case plaintiffs' claim was based on the contention that the conveyances made by their predecessor in interest were simulated and the defendant alleged in his answer that no such simulation had existed. Upon the issue thus joined the case went to trial and the court, based on the evidence heard, found for the plaintiffs, holding that the sales executed by their predecessor in interest were nonexistent because of simulation, that no valid contract had been executed and, therefore, that the defendant acquired nothing, the title remaining in the plaintiffs.

In the present case we have before us the complaint only. It is true that simulation is alleged therein, but it is further alleged that Gandía agreed to reconvey the title to the

plaintiffs at any time this should be demanded by them, and the prayer is for a decree directing the heirs of Gandía to perform the obligation assumed by their predecessor in interest which they have privately refused to fulfill.

The lower court, therefore, did not commit the first error assigned. Nor did it commit the second.

The complaint has been duly verified. Under the statute, justices of the peace have power to administer oaths and the fact that both the plaintiffs, husband and wife, appear as taking the oath together does not render the affidavit void. The appellants fail to cite any statute or authorities in support of their contention.

The following is all that the appellant says in its brief in arguing the third error assigned:

"If, as we have previously stated under the second assignment, the amended complaint is unverified, the answer filed by the defendants need not, of course, be verified, and it was manifest error on the part of the trial court to render judgment in the manner it did."

We might stop here. The position of the appellant can only be construed in the sense of subordinating the third to the second error. If the second does not exist, that is, if the complaint was duly verified, it seems to admit the propriety of the judgment on the pleadings for failure to answer in the specific manner required by the statute and the jurisprudence.

In any event, we think it advisable to state that in our opinion, from the manner in which the answer was drawn, the essential facts of the verified complaint were admitted and, therefore, the district court did not err in rendering judgment on the pleadings in favor of the plaintiffs. It would seem useful to transcribe the following from the opinion of the trial judge:

"Section 110 of the Code of Civil Procedure provides that if the complaint be verified, the denial of each allegation controverted must be specific, and be made positively, or according to the information and belief of the defendant.

"The answer admits the first and second averments. It denies the third, fourth, fifth, sixth and seventh averments of the complaint for lack of sufficient information. As these allegations have not been denied specifically as required by section 110 of the Code of Civil Procedure, such a failure to deny leaves these averments standing. Antonsanti & La Costa v. Axtmayer, 38 P.R.R. 701. The eighth averment of the complaint is positively denied and it is pleaded in opposition that the plaintiffs failed to inform the defendants that the property described exclusively belonged to plaintiffs; but no denial is made of the other allegations that the plaintiffs 'made demand upon them for the execution to plaintiffs of a deed of conveyance, which the defendants unjustifiedly refused to grant.' Where a paragraph of a pleading contains more than one allegation of fact, each allegation must be denied separately. Boyer v. Municipal Assembly of Guayama, 34 P.R.R. 19. Paragraph (h) of the answer which refers, although not expressly, to the 9th averment of the complaint is likewise an admission, since the 5th averment of the complaint was admitted in the manner above stated. The new matter which has been pleaded as a defense is nothing but a repetition of paragraph (h) of the answer which we have already considered.

"Taking the answer as a whole, we find that it is not the pleading required by the statute where the complaint is verified. Horton et al. v. Robert, 11 P.R.R. 168; Parker v. Oller, 21 P.R.R. 129; Delannoy v. Blondet, 22 P.R.R. 219; P. R. Benev. Soc. v. Mun. of Ponce et al., 28 P.R.R. 773; Carlo v. Ferrer, 28 P.R.R. 343; González v. González, 35 P.R.R. 642."

The fourth error assigned, as stated by the appellant itself, is included in the first. When considering the latter we held that the complaint set forth sufficient facts; therefore we must conclude that the demurrer was properly overruled and that the error thus assigned is nonexistent.

The judgment appealed from must be affirmed.